**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-60993-CIV-DAMIAN**

**SHARON A. MCTURK**, *et al.*,

Plaintiffs,

v.

**LOTTERY.COM, INC.**, and
**MATTHEW MCGAHAN**,

Defendants.
_________________________________/

**DEFENDANT MCGAHAN'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**
**-AND-**
**DEFENDANTS LOTTERY.COM AND MCGAHAN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM OF LAW**

1. Defendant Matthew McGahan moves the Court to dismiss him from this Case for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).[1] Defendants Matthew McGahan and Lottery.com move the Court to dismiss Plaintiffs' claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).[2] The pleading challenged by this Motion is Plaintiffs' *Complaint*, contained in [ECF No. 1-2]. This includes the Letter attached to the *Complaint* as Exhibit A (the "Letter"). *De Fernandez v. CMA CGM S.A.*, 2023 U.S. Dist. LEXIS 75305, at *21 (S.D. Fla. Apr. 30, 2023) (Damian, Mag.), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 125401 (S.D. Fla.

[1] *Sifonte v. Fonseca*, 2022 U.S. Dist. LEXIS 145516, at *15 (S.D. Fla. Aug. 12, 2022) (Damian, Mag.), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 162589 (S.D. Fla. Sept. 8, 2022) ("Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2).").

[2] *Brown v. Cmty. Asphalt Corp.*, 2009 U.S. Dist. LEXIS 137261, at *1 (S.D. Fla. August 20, 2009) (Lynch, Mag.), *report and recommendation adopted*, *Brown v. Cmty. Asphalt Corp.*, 2009 U.S. Dist. LEXIS 137266 (S.D. Fla., Sept. 30, 2009) (Fed. R. Civ. P.12 "authorizes a court to dismiss a Complaint for insufficient pleading.").

Jul. 20, 2023) ("The pleadings include any information attached to a complaint."); *Aspen Am. Ins. Co. v. Tasal, LLC*, 508 F. Supp. 3d 1179, 1183 (M.D. Fla. 2020) ("To assess the sufficiency of factual content and the plausibility of a claim, courts" consider "the exhibits attached to the complaint.").

2. The Complaint alleges two substantive claims against Lottery.com and its Chairman McGahan, under Florida law: i) fraudulent misrepresentation (Count I); and ii) negligent misrepresentation (Count II). The Complaint also seeks to impose liability on Lottery.com and McGahan under two derivative claims: i) aiding and abetting (Count III); and ii) conspiracy (Count IV).

**<u>Which 12(b) Motion should be decided first?</u>**

3. "'[A] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings,' so jurisdictional questions generally should be decided before reaching the merits." *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014). "Moreover, where no personal jurisdiction exists and a dismissal on the merits would be with prejudice, it is particularly appropriate to dismiss on jurisdictional grounds and not address the merits." *Id*. However, the Court should "depart from this general rule" when "the specific jurisdictional arguments raised by the Defendants hinge solely on whether [Plaintiff] has succeeded in stating a claim for relief against them. And under Florida law, when the basis for personal jurisdiction is the commission of a tort within the state, courts must first determine whether the complaint states a cause of action." *MasTec Renewables Puerto Rico LLC v. Mammoth Energy Servs., Inc*., 2020 U.S. Dist. LEXIS 215535, at *29-30 (S.D. Fla. Nov. 18, 2020).

**Standard of Review**

4. The Court is experienced in applying both Rule 12(b)(2) and 12(b)(6).[3] The standard of review for orders granting motions to dismiss based Rule 12(b)(2) and 12(b)(6) is de novo. *See Courboin v. Scott*, 596 F. App'x 729, 731 (11th Cir. 2014) ("We review the district court's dismissal of an action for lack of personal jurisdiction de novo."); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("We have consistently held that the issue of whether personal jurisdiction is present is a question of law and subject to de novo review.").

**The Purpose and Value of Rule 12(b)(6)**

5. "The purpose of a motion to dismiss under Rule 12(b)(6) 'is to test the facial sufficiency of' a complaint."); *Ghee v. Comcast Cable Communs., LLC*, 2023 U.S. App. LEXIS 13787, at *2 (11th Cir. June 5, 2023) (per curiam); *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) ("A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint."). "The test is whether the complaint succeeds in identifying facts that are suggestive enough to render [the claim] plausible. Plausible is a level of certainty somewhere between possible and probable." *Cavero v. The Law Offices of Erskine & Fleisher*, 2012 U.S. Dist. LEXIS 195188, at *6 (S.D. Fla. November 15, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 195186 (S.D. Fla. December 11, 2012) (Quotations omitted). Despite being disfavored, "Fed. R. Civ. P. 12(b)(6) motions are valuable procedural tools… to eliminate fruitless litigation, saving litigants and the judiciary much time, effort, and expense." *In re Mr. Goodbuys of New York Corp., Inc.*, 164 B.R. 24, 27 (Bankr. E.D.N.Y. 1994); *In re Schwartz*, 2015 Bankr. LEXIS 4351, at *2 (Bankr. D.N.J. December 22, 2015):

[3] *See e.g.*, *De Fernandez v. CMA CGM S.A.*, 2023 U.S. Dist. LEXIS 75305 (S.D. Fla. Apr. 30, 2023) (Damian, Mag.), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 125401 (S.D. Fla. Jul. 20, 2023);

> The Supreme Court has recognized that Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact-finding." A pointless complaint should "be exposed at the point of minimum expenditure of time and money by the parties and the court." As one court noted, "Another laudable purpose of a Rule 12(b)(6) motion is to address potentially legally meritless claims efficiently, prior to expensive and time-consuming discovery."

**The Purpose and Value of Rule 12(b)(2)**

6. "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *De Fernandez v. CMA CGM S.A.*, 2023 U.S. Dist. LEXIS 75305, at *21 (S.D. Fla. Apr. 30, 2023) (Damian, Mag.), report and recommendation adopted, 2023 U.S. Dist. LEXIS 125401 (S.D. Fla. Jul. 20, 2023). "The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is to test whether the Court has personal jurisdiction over the named party." *Farmland v. Fortunae*, 2020 U.S. Dist. LEXIS 260060, at *7 (D. Colo. May 15, 2020). Rule 12(b)(2) ensures that Defendants are afforded due process. *See Carter v. Rudinplay, Inc.*, 2018 U.S. Dist. LEXIS 76561, at *10 (S.D. Ala. May 7, 2018) ("critical question for purposes of the pending Rule 12(b)(2) Motion is whether the exercise of personal jurisdiction over [the defendant] would comport with due process guarantees."). As a threshold matter, to sufficiently state personal jurisdiction against a defendant, a plaintiff must comply with *Iqbal* and *Twombly*. *See Storms v. Haugland Energy Grp., LLC*, 2018 U.S. Dist. LEXIS 141122, at *7-8 (S.D. Fla. Aug. 17, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 156503 (S.D. Fla. Sept. 4, 2018):

> The logic of *Iqbal* and *Twombly* readily applies to a Rule 12(b)(2) motion. For purposes of a *prima facie* showing under Rule 8(a)(1) and Rule 12(b)(2), the Eleventh Circuit has held that the required amount of facts that must be pled in the complaint are those facts sufficient to withstand a motion for directed verdict. This Court finds no reason to reject the Supreme Court's standards for deciding whether allegations in a complaint count toward meeting a threshold factual pleading requirement. Put another way, if conclusory and speculative allegations are not entitled to the assumption of truth for Rules 8(a)(2) and 12(b)(6), there is no reason to treat them differently for Rules 8(a)(1) and 12(b)(2).

7. "It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). "[T]he long-arm statute must be strictly construed, and any doubts about the applicability of the statute are resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *Interim Healthcare, Inc. v. Interim Healthcare of Se. Louisiana, Inc.*, 2020 U.S. Dist. LEXIS 101841, at *19 (S.D. Fla. June 10, 2020) (Citing Florida Cases). "In order for a court to exercise general jurisdiction in Florida, the contacts must be especially pervasive and substantial to satisfy section two of the Florida long-arm statute 48.193." *Baren v. Masterpharm, LLC*, 2024 U.S. Dist. LEXIS 99544, at *14 (S.D. Fla. January 3, 2024); *Canobinoti, LLC v. Woods*, 2022 U.S. Dist. LEXIS 133515, at *12-13 (S.D. Fla. July 26, 2022) (Damian, Mag.) (Same).

8. The Complaint only alleges (in the most conclusory fashion) that McGahan "is a resident of Boca Raton, Florida." Complaint at ¶7. However, conclusory allegations - wholly unsupported by specific factual averments – will not prevent dismissal. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1273 (11th Cir. 2004). The Complaint fails to contain any specific residency facts in support of establishing general contacts with the State of Florida and the Court should not assume that any exist. *Locked Offraod, LLC v. Carbon Shock Techs., Inc.*, 2023 U.S. Dist. LEXIS 75816, at *7 (M.D. Fla. 2023) ("[T]he court should not assume that the plaintiff can prove facts that were not alleged.").

**Nothing Personal**

9. No general jurisdiction. Plaintiffs will be unable to make a sufficient showing to establish Florida residency for McGahan. *Snyder v. McLeod*, 971 So. 2d 166, 169 (Fla. 5th DCA 2007) ("Florida residency is defined as 'an actual presence in Florida coupled with an intention at

that time to make Florida the residence.' Thus, temporarily residing in Florida without a present intention to make Florida one's legal residence is not sufficient to establish Florida residency."). McGahan's Declaration – which will remain uncontroverted – shows that he has been a British Citizen residing in the United Arab Emirates for the entire time relating to Plaintiffs' claims. McGahan does not have any license or permit issued by the State of Florida, does not own any real property in Florida, is not registered to vote in Florida and has never applied for or received any benefits from the State of Florida. McGahan Declaration at ¶ 4. McGahan has never had the intention to make Florida his legal residence. McGahan Declaration at ¶ 3. Moreover, McGahan is prohibited by law from staying more than 90 days in the U.S. without a Visa. *See* https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visa-waiver-program.html#ExternalPopup.

10. No specific jurisdiction. Florida's corporate shield doctrine prevents the Court from exercising personal jurisdiction over McGahan. *Frida Kahlo Corp. v. Pinedo*, 2023 U.S. Dist. LEXIS 234666, at *12 (S.D. Fla. December 28, 2023) (appeal filed). McGahan first stepped foot in Florida on June 18, 2023, **after** the events giving rise to Plaintiffs' claims occurred. McGahan Declaration at ¶ 3. Any complained of actions by McGahan occurred solely outside Florida and in his capacity as Chairman of Lottery.com. McGahan Declaration at ¶ 6. "The corporate shield doctrine provides that 'a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee." *Frida Kahlo Corp*.at *12. "This is because 'it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer."' *Id*. at 12-13. Moreover, the

"intentional misconduct" exception to the corporate shield doctrine does not apply here because "Florida courts [generally] require that the intentional tort be committed for the corporate officer's personal benefit," and the Complaint "does not allege that [McGahan] took any action to target Florida, or that [McGahan] gained any pecuniary benefit from activities in the State of Florida." *Frida Kahlo Corp.*at *14 ("Even if [Defendant] did commit an intentional tort, Plaintiffs do not allege that [Defendant] gained any pecuniary or personal benefit from sending the [] letters."). "Accordingly, based on these allegations, the corporate shield doctrine precludes the Court from exercising personal jurisdiction over" McGahan. *Id*.

**Insufficiency of Count 1 (Fraudulent Misrepresentation) &**
**Count 2 (Negligent Misrepresentation)**

11. Reliance is the centerpiece of a misrepresentation claim. *Feng v. Walsh*, 2021 U.S. Dist. LEXIS 243240, at *23, 30-31 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, *Feng v. Walsh*, 2022 U.S. Dist. LEXIS 39879 (S.D. Fla., Mar. 7, 2022) (Emphasis added) ("Plaintiffs fail to meet the specificity requirements imposed by Rule 9(b). Counts V—VIII fail to allege **how** or **when** each of the Plaintiffs **justifiably relied** on any alleged false statements by these Defendants."); *Floral Logistics of Mia., Inc. v. N.Y. Garden Flower Wholesale, Inc.*, 2023 U.S. Dist. LEXIS 113663, at *5 (S.D. Fla. June 30, 2023) (Altonaga, C.J.) (Emphasis added) ("'[T]o allege a viable cause of action for negligent misrepresentation,' a party must show…injury resulted to the plaintiff acting in **justifiable reliance** upon the misrepresentation."). Therefore, a plaintiff "must allege" in detail that plaintiff's reliance was reasonable (for fraud)[4] and justifiable

[4] *Compare Rupert v. Herlitz*, 2011 Fla. Cir. LEXIS 11225, at *7 & n.4 (Fla. 5th Cir. Ct. June 17, 2011) ("a claimant suing in fraud cannot prevail unless he reasonably relies upon the alleged false representation of the defendant…The issue of reasonable reliance is frequently adjudicated as a matter of law, and is a proper basis upon which a pleading can be dismissed with prejudice."); *Abromats v. Abromats*, 2016 U.S. Dist. LEXIS 125614, at *38 (S.D. Fla. July 14, 2016) ("showing of reasonable reliance [] is required for establishing common law fraud"); *With Moss v. Am. Private Equity, LLC*, 2021 U.S. App. LEXIS 31165, at *3 n.2 (11th Cir. Oct. 18, 2021) ("under

(for negligent misrepresentation). *Apollo Mgmt. Grp. v. Croxall*, 2023 U.S. Dist. LEXIS 180935, at *1 n.1 & 3 (S.D. Fla. October 6, 2023); *See also Johnson v. Aecom Energy & Constr., Inc.*, 2024 U.S. Dist. LEXIS 91752, at *12 (S.D. Fla. May 22, 2024) (Damain, J.) ("To prevail on a negligent misrepresentation claim, Plaintiff must plausibly allege… justifiable reliance on the misrepresentation."); *See generally Aspen Am. Ins. Co. v. Tasal, LLC*, 508 F. Supp. 3d 1179, 1183-1184 (M.D. Fla. November 16, 2020) ("Bare allegations of reliance on alleged fraudulent statements, without supporting details, are insufficient under Rule 9(b)."); *Accord Volume Servs. v. Ovation Food Servs., L.P.*, 2018 NCBC LEXIS 108, at *86 (N.C. Super Ct. Oct. 17, 2018) (Citations and internal quotations omitted) ("the Court is not required to accept Plaintiffs' conclusory allegations that they actually and justifiably relied on [] Defendants' representations. Failure to plead any such non-conclusory allegations is fatal to Plaintiffs' claim for negligent misrepresentation.").

12. Plaintiffs do not allege supporting details stating how they relied on the Letter. Moreover, Plaintiffs could not reasonably have relied on the Letter. First, the Letter is not a complete contract, because the Letter is "in accordance with" separate "agreed terms and conditions." Plaintiffs could not be reasonably relying on terms they did not know. The Letter was at most the equivalent of a piece of a Map and could not be material by itself. Therefore, Plaintiff also failed to identify the materiality of the Letter. *Team Servs. Inc. v. Securitas Elec. Sec., Inc.*, 2023 U.S. App. LEXIS 27739, at *28-29 (11th Cir. 2023) ("To state a claim for fraudulent misrepresentation, the plaintiff must show: '(1) a false statement concerning a material fact…'").

13. Second, the content of the Letter agrees to nothing because everything is conditioned on the consent of Lottery.com's Board of Directors. Plaintiffs were not entitled to rely

---

Florida law, which governs, justifiable reliance is not required for a fraud claim.").

on anything stated in the Letter, because "such a finding would be directly contrary to the explicit provisions of the [Letter]." *Cf. Sanderlin v. Seminole Tribe*, 243 F.3d 1282, 1288 (11th Cir. 2001); *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007) ("[R]eliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement."); *PHL Variable Ins. v. Town of Oyster Bay*, No. 2017 U.S. Dist. LEXIS 83262, at *45-46 (E.D.N.Y. May 30, 2017) *aff'd* 929 F.3d 79 (2d Cir. July 9, 2019) (Complaint failed to state plausible fraud based upon the alleged misrepresentations in the Letter because Plaintiffs could not rely on the Letter when it was clear from the face of the Letter that it was not binding without Board approval).

14. Last, the terms in the Letter are too indefinite to enforce. *London Paint & Wallpaper Co., Inc. v. Kesselman*, 2016 N.Y. Misc. LEXIS 2396, *18-20 (Sup. Ct., N.Y. County June 24, 2016) (Engoron, J.) *aff'd* 2018 N.Y. App. Div. LEXIS 588 (N.Y. App. Div. 1st Dep't, Feb. 1, 2018):

> The problem, however, is that the amount of London Paint's monthly rent — below-market rent — is too indefinite, impenetrably vague and uncertain, and the Rental Agreement contains no methodology, formula or objective standard to bind the parties or enable this Court to determine what they agreed upon…such formula is vague and unenforceable…the formula is not really an agreement at all…

There is nothing in the Letter that would lead a reasonable third party to believe they would receive anything based on the Letter.

15. "In order to comply with the requirements of Rule 9(b) [for claims of fraud and negligent misrepresentation], Plaintiffs must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff,

and (4) what the defendants obtained as a consequence of the fraud." *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007). "Simply put, Plaintiffs alleging fraud must plead 'the who, what when, and where [of the fraud.]'" *Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1302-03 (S.D. Fla. 2009). This is a difficult standard to comply with. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("We remind that this bite of Rule 9(b) was part of the pleading revolution of 1938. In short, we apply the rule with force, without apology."); *Goodwin v. Hous. Auth. of New Orleans*, 2013 U.S. Dist. LEXIS 104396, at *20 (E.D. La. July 25, 2013); *Riker-Vanholland v. Transouth Fin. Corp.*, 2004 U.S. Dist. LEXIS 16081, at *14 (N.D. Iowa August 13, 2004) ("It is difficult for even some of the most seasoned attorneys to adequately plead fraud with Rule 9(b) particularity, so it comes as no surprise that… a pro se litigant, has found the task daunting."). Plaintiffs' Complaint is wholly insufficient under the Rule 9(b) standard because Plaintiffs' Complaint fails to identify **which** plaintiff(s) gave **what** to **who** for **what** purpose, and **when** and **how** that occurred. Therefore, the Court should dismiss Plaintiff's fraudulent and negligent misrepresentation claims with prejudice. *See Rinker v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 144190, at *19 (S.D. Fla. June 18, 2010) (Dismissing fraud claim with prejudice for similar deficiency).

**Counts 3 (Aiding & Abetting) & 4 (Conspiracy) fail because they are derivative of Counts 1 & 2**

16. Because Plaintiffs fail to state a claim upon which relief can be granted as to Count 1 (Fraudulent Misrepresentation) and Count 2 (Negligent Misrepresentation) of the Complaint, Count 3 (Aiding and Abetting) and Count 4 (Conspiracy) must also be dismissed with prejudice. *Patel v. Catamaran Health Sols., LLC*, 2016 U.S. Dist. LEXIS 156576, at *34-35 (S.D. Fla. Jan. 14, 2016) (Where facts are insufficient to state a cause of action, a derivative claim for aiding and abetting cannot survive a motion to dismiss); *Meridian Tr. Co. v. Batista*, 2018 U.S. Dist. LEXIS

168678, at *22-23 (S.D. Fla. Sept. 30, 2018) ("because the Court has found that Plaintiffs failed to state a claim for common law fraud… [1] the conspiracy claims based on those counts must be dismissed as well… [2] the aiding and abetting claim based on those counts must be dismissed.") (Citing *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997) ("an actionable conspiracy requires an actionable underlying tort or wrong") and *Rogers v. Nacchio*, 241 F. App'x 602, 609 (11th Cir. 2007) ("[T]o be liable for aiding and abetting a crime, there must be an underlying crime to aid and abet.")).

17. Plaintiffs' aiding and abetting and conspiracy claims also fail to plead the elements of conspiracy and aiding and abetting with specificity. *Yaques v. Zhenzhen Lin*, 2024 U.S. Dist. LEXIS 98087, at * (S.D. Fla. May 31, 2024):

> because Plaintiffs' underlying claims for fraud and RICO violations fail to state a claim, their derivative civil conspiracy fails with them. However, the Court also agrees that Plaintiffs' claim fails to allege an overt act on the part of Bank Defendants outside of legal conclusions such as "aiding and abetting" and 'negligently allowing."

*See generally Ghee v. Comcast Cable Communs., LLC*, 2023 U.S. App. LEXIS 13787, at *5 (11th Cir. June 5, 2023) (per curiam) ("complaint must 'make particularized allegations that a conspiracy existed' … Vague and conclusory allegations will not survive a motion to dismiss."). Plaintiffs failed to plead all the elements of civil conspiracy – much less do so specifically. For example, Plaintiffs do not allege an agreement between Farrah and McGahan. *See* Yaques v. Zhenzhen Lin, 2024 U.S. Dist. LEXIS 98087, at *15 (S.D. Fla. May 31, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 115417 (S.D. Fla., July 1, 2024) ("Florida law requires a Plaintiff stating a claim for civil conspiracy allege '(1) an agreement between two or more parties…").

**Conclusion & Prayer**

Defendant McGahan asks the Court to sign and cause to be entered an order dismissing him from this Case, without prejudice, for lack of personal jurisdiction over him. Lottery.com (and McGahan if the Court determines that McGahan is subject to the jurisdiction of this Court) request that the Court sign and cause to be entered an order dismissing with prejudice all of Plaintiffs' claims against them for failing to state a claim upon which relief can be granted. Lottery.com and McGahan pray for all other relief to which they may be entitled because of Plaintiffs' insufficient Complaint.

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Co-Counsel for Defendants Lottery.com, Inc. & Matthew McGahan*
9999 NE 2nd Ave, Suite 211
Miami Shores, FL 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
Email: jalderman@thealdermanlawfirm.com
ttolentino@thealdermanlawfirm.com

By: */s/ Jason R. Alderman*
Jason R. Alderman
Fla. Bar No. 0172375
Troy A. Tolentino
Fla. Bar No. 117981

Andrew R. Korn
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
Telephone number: 214-521-0500
E-mail address: akorn@receiverandrewkorn.com
State Bar of Texas identification number 11683150
Appearing Pro Hac Vice [ECF No. 9]

Attorney for Defendants Lottery.com, Inc. and Matthew McGahan

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on July 2, 2024, with the Clerk by using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Jason R. Alderman*___
Jason R. Alderman