**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.24-60993-CIV-DAMIAN**

SHARON A. MCTURK, et. al.

Plaintiffs,

v.

LOTTERY.COM, INC., and
MATTHEW MCGAHAN,

Defendants.
_____________________________/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Sharon A. McTurk; Rutherford Enterprises, LLC; SJB Solutions, LLC; and Astra Supply Chain, LLC, oppose the Motion to Dismiss filed by Defendants Lottery.com, Inc., and Matthew McGahan and state:

**SUMMARY OF ARGUMENT**

Plaintiffs allege claims against each defendant for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), aiding and abetting (Count III), and conspiracy (Count IV). Complaint, D.E. 1-2. Both defendants moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). McGahan also moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), claiming he is not subject to personal jurisdiction in this state.

As explained in more detail below, McGahan's assertion that he is not subject to personal jurisdiction in Florida lacks merit because he was personally served with process in Boca Raton, Florida. (D.E. 1–2 p.18). *See, Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 129 (2023) ("Tag" jurisdiction still applies to natural persons. A state court's exercise of personal jurisdiction over a non-resident defendant served with process in state is consistent with the Due Process Clause); *Sirer v. Aksoy*, No. 21-cv-22280-BLOOM/Otazo-Reyes, 2021 WL 4952610, at *3 (S.D. Fla. Oct. 25, 2021) (where service is effectuated on a defendant in state, "the Court need

not determine whether he conducted business in Florida or otherwise satisfies the requirements of Florida's long-arm statute."). Thus, McGahan is subject to personal jurisdiction in Florida.

In their motions to dismiss for failure to state a claim, defendants' arguments rest principally on a factual dispute: namely, whether Plaintiffs' reliance was justifiable. Justifiable reliance is an element of a claim for negligent misrepresentation; it is not an element of the other counts in the complaint. Whether Plaintiffs' reliance was justifiable, however, cannot be resolved on a motion to dismiss. *See, e.g. Maxted v. Sato Global Solutions, Inc*, No. 17-61769-CIV-COHN/SELTZER, 2018 WL 3109628, at *7–8 (S.D. Fla. March 9, 2018) ("Whether or not Plaintiff's reliance on these representations was reasonable is clearly a factual issue that cannot be determined on a motion to dismiss."). Thus, as explained in more detail below, Defendants' motion to dismiss should be denied.

**PERSONAL JURISDICTION**

As this Court is sitting in diversity, it must undertake a two-step inquiry on personal jurisdiction: 1) whether the exercise of jurisdiction comports with Florida's long-arm statute, and 2) whether the exercise of jurisdiction violates the Due Process Clause of the U.S. Constitution. *Shores Global, LLC v. Njord's Ark A/S*, No. 21-cv-20623-SINGHAL/DAMIAN, 2023 WL 2838078, at *3 (S.D. Fla. Feb. 3, 2023) (citing *Waite v. All Acquisition Corp*., 901 F. 3d 1307, 1312 (11th Cir. 2018)). "A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co., LTD*, 178 F. 3d 1209, 1214 (11th Cir. 1999). "At this stage, the Court accepts the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Shores Global*, 2023 WL at *3, (citing *Consol. Dev. Corp. v. Sherrill, Inc*., 216 F. 3d 1286, 1291 (11th Cir. 2000)) "If the defendant raises a meritorious challenge to personal jurisdiction through affidavits, documents, or testimony, the burden then shifts back to the

plaintiff to produce evidence supporting jurisdiction." *Ripkurrent LLC v. Richard Ballard IRA, LLC*, 530 F. Supp. 3d 1281, 1290 (S.D Fla. 2021) "A nonresident defendant's attempt to challenge a prima facie case of personal jurisdiction with 'conclusory assertions of ultimate fact' is insufficient to shift to the plaintiff 'the burden of producing evidence supporting jurisdiction.'" *B&D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, No. 16-62364-CIV-COHN/SELTZER, 2016 WL 11071664, at *5 (S.D. Fla. Dec. 27, 2016) (quoting *Posner v. Essex Ins. Co*, 178 F. 3d at 1215).

**"Tag" Jurisdiction Enables the Court to Exercise Jurisdiction over McGahan**

McGahan was in Florida voluntarily for "holiday and Lottery.com business" from March 2024 through September 2024. (D.E. 12-1, p.2). McGahan was personally served with process in Florida on May 8, 2024. (D.E. 1-2, p.18). McGahan does not challenge service of process in his motion to dismiss. *Pardazi v. Cullman Medical Center*, 896 F. 2d 1313, 1317 (11th Cir. 1990) ("Under Fed. R. Civ. P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion."). Accordingly, the two-step inquiry for personal jurisdiction is not necessary. "Tag" jurisdiction enables the Court to exercise jurisdiction over McGahan.

"As a general rule, Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process while voluntarily present in the state." *Sirer v. Aksoy*, No. 21-cv-22280-BLOOM/Otazo-Reyes, 2021 WL 4952610, * at 3 (S.D. Fla. 2021)(quoting *Keveloh v. Carter*, 699 So. 2d 285, 288 (Fla. 5th DCA 1991)). "As a result, the Court need not determine whether [the non-resident defendant] conducted business in Florida or otherwise satisfies the requirements of Florida's long-arm statute". *Id.*(citing *Pota v. Holtz*, 850 So. 2d 379, 381 (Fla. 3d DCA 2003)). *See also*, *Alobaid v. Kahn*, 306 So. 3d 159, 162 (Fla. 3d

DCA 2020) (non-resident defendant "was personally served with process while voluntarily present in Florida, which was sufficient to confer personal jurisdiction over him."); *Durkee v. Durkee*, 906 So. 2d 1176 (Fla. 4th DCA 2005) (Because non-resident was personally served while he was present in Florida, "his argument involving the long arm statute and due process [was] irrelevant.").

Similarly, the exercise of personal jurisdiction over a non-resident defendant served with process in the state is consistent with the Due Process Clause of the Constitution. *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 129 (2023); *Burnham v. Superior Court of Cal. Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("[J]urisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of traditional notions of fair play and substantial justice."); *Sirer v. Aksoy*, 2021 WL at *3 (To the extent non-resident defendant served with process in state "argues that the exercise of personal jurisdiction would violate due process, the argument is not well-taken") (citing *Burnham*, 495 U.S., 604). Nothing further is needed to deny McGahan's motion to dismiss for lack of personal jurisdiction.

**<u>Even Without "Tag" Jurisdiction, McGahan is Subject to Personal Jurisdiction</u>**

A non-resident defendant can be subject to personal jurisdiction under Florida's long-arm statute by "specific jurisdiction—that is jurisdiction over suits that arise out of or relate to a defendant's contact with Florida for conduct specifically enumerated in the statute," or general personal jurisdiction, "if the defendant engages in 'substantial and not isolated activity in Florida.'" *Shores Global*, 2023 WL at *6 (quoting *Waite v. All Acquisition Corp.*, 901 F. 3d 1307, 1312 (11th Cir. 2018)).

Plaintiffs allege that McGahan is subject to specific jurisdiction in this state because, *inter alia*:

> 8. Lottery.com and McGahan are subject to personal jurisdiction in this forum because they committed wrongs in this state by engaging in fraudulent conduct in this state, aiding and abetting and conspiring with a Florida resident to defraud Plaintiffs, a Florida resident and Florida entities, in this state. Further, McGahan is a Florida resident.

(D.E. 1-2, p.9).

The specific fraudulent conduct in this state, directed at and damaging Plaintiffs, is further described in the complaint. For example, McGahan sent a fraudulent letter, at the direction of Ronald Farah, to induce Plaintiffs to provide more money, at the direction of Farah, for the direct or indirect benefit of Lottery.com. Plaintiffs also alleged that McGahan aided and abetted and conspired with Farah, a Florida resident, to defraud Plaintiffs. That wrongful conduct caused damage to Plaintiffs—Florida entities and an individual residing in Florida. *See, e.g.* Complaint at ¶¶ 19–27, Count I Fraudulent Misrepresentation, Count III Aiding and Abetting, Count IV Conspiracy. Those allegations comply with Florida's long-arm statute, namely, "[c]ommitting a tortious act within this state," even if McGahan was outside the state, as he contends. *See* Fla. Stat. § 48.193(1)(a)(2). *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1353 (11th Cir. 2013) ("under Florida law, a nonresident defendant commits 'a tortious act within Florida' when he commits an act outside the state that causes injury within Florida.'") (internal alterations omitted); *Ultimate Fitness Group, LLC v. Felix*, No. 18-cv-60981-BLOOM/Valle, 2018 WL 11459451, at *3 (S.D. Fla. Dec. 12, 2018) ("Under Florida law, a plaintiff may invoke personal jurisdiction over nonresident defendants by pleading the actual language of the long-arm statute or by alleging sufficient substantive facts to support long-arm jurisdiction."); *Sky Enterprises, LLC v. Offshore Design 6 Drilling Service, LLC*, No. 3:16–CV–916–J–32PDB, 2017 WL 7309871, at *11 (M.D. Fla. Dec. 21, 2017) ("Florida's long-arm statute supports jurisdiction over any alleged conspirator if any other conspirator commits an act in

Florida in furtherance of the conspiracy, even if the defendant over whom jurisdiction is sought individually committed no act in Florida or had no relevant contact with Florida.")[1]

**Burden does not Shift to Plaintiffs**

"If a plaintiff pleads sufficient material facts to establish a basis for personal jurisdiction and a defendant then submits affidavits controverting those allegations, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction, unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Whitney Information Network, Inc. v. Xcentric Venture, LLC*, 199 Fed. App'x 738, 741 (11th Cir. 2006) (internal alterations omitted). Here, McGahan denies some unspecified actions and concedes that certain actions did occur. It is impossible to know what actions need to be rebutted because McGahan fails to say.

Specifically, McGahan states:

> I have reviewed Plaintiffs' allegations in the *Complaint* in this Case, including the Letter attached to the *Complaint* as Exhibit A. Certain actions Plaintiffs' attribute to me did not occur, and anything that did occur happened: 1) while I was outside Florida; 2) solely within my capacity as Chairman of Lottery.com; 3) solely on behalf of Lottery.com.; and 4) not for my own benefit.

(D.E. 12-1, p.2).

The foregoing is insufficient to shift the burden to the Plaintiffs. *Whitney Information Network*, 199 Fed. App'x at 744 (declaration that failed to adequately rebut the allegations of the complaint were insufficient to shift the burden back to plaintiff); *Merch ACT, LLC v. Ronski*, No. 9:20-cv-82043-WPD, 2021 WL 9347069, at *5 (S.D. Fla. June 29, 2021) ("while [non-resident defendant], in her affidavit, does deny committing any of the tortious conduct in the complaint, in addition to denying a number of forms of contact with the state of Florida, such conclusory

[1] McGahan does not dispute that Farah was a Florida resident. In fact, McGahan states that he traveled to Florida for the "Remembrance Service" for Farah. D.E. 12-1 at p. 2.

assertions of ultimate fact are insufficient to shift to the Plaintiff the burden of producing evidence supporting jurisdiction.") (internal alterations omitted) (quoting *Posner v. Essex, Ins. Co.*, 178 F. 3d at 1215); *Acquadro v. Bergeron*, 851 So. 2d 665, 672 (Fla. 2003) (affidavit from defendant that she did not make defamatory statements about plaintiff was not sufficient to shift burden back to plaintiff).

Because McGahan's declaration does not controvert the allegations in the Complaint and thus does not shift the burden back to Plaintiffs, all allegations must be taken as true, and all reasonable inferences must be made in favor of Plaintiffs. *Whitney Information Network*, 199 Fed. App'x at 743. Accordingly, McGahan is subject to jurisdiction under Florida's long-arm statute. *See, Bluegreen Vacations Unlimited, Inc., v. Montgomery Law Firm*, No. 19-24704-CIV-MARTINEZ-OTAZO-REYES, 2022 WL 17987280 at * 4 (S.D. Fla June 17, 2022) (because the nonresident defendant's insufficient conclusory affidavit provided no evidentiary proof "to rebut Plaintiffs' allegations of intentional torts directed at Plaintiffs' in Florida, these allegations are sufficient to bring [the non-resident defendant] within the Florida long-arm statute's provision subjecting non-residents to the jurisdiction of Florida courts where the action 'arises from committing a tortious act within this state.") (internal alterations omitted).

**Corporate Shield is not applicable**

McGahan's attempt to avail himself of the corporate shield doctrine by contending that his actions were on behalf of Lottery.com is not well taken. "[T]he corporate shield doctrine is inapplicable where the corporate officer commits intentional torts". *Ripkurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1297–98 (S.D. Fla. 2021) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1355 (11th Cir. 2013)); *Kitroser v. Hurt*, 85 So. 3d 1084, 1088 n.3 (Fla. 2012) ("An exception to the corporate shield doctrine limits the scope of the doctrine's protection. Specifically, a corporate officer who commits fraud or other intentional

misconduct outside of Florida may be subject to personal jurisdiction."). The Florida Supreme Court has stated that, even if the non-resident defendant's acts are "not for his own benefit but for the benefit of his employer," the corporate shield doctrine is inapplicable where the corporate officer commits intentional torts:

> For purposes of personal jurisdiction under Florida law, the corporate shield doctrine creates a "distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation." *Doe v. Thompson,* 620 So. 2d 1004, 1006 (Fla.1993). Florida courts have held "that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Id.* (internal quotation marks omitted).
>
> Importantly, however, under Florida law, this corporate shield doctrine is inapplicable where the corporate officer commits intentional torts. *Id.* at 1006 n. 1 (stating "[a] corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction"); *see also Kitroser v. Hurt,* 85 So. 3d 1084, 1088 n. 3 (Fla. 2012). Because Louis Vuitton alleges that Mosseri committed intentional torts, his corporate shield defense to personal jurisdiction fails under Florida law.

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1354–55 (11th Cir. 2013) (emphasis added). Thus, because Plaintiffs allege that McGahan committed intentional torts, the corporate shield doctrine does not preclude this Court from exercising jurisdiction over him.

**Personal Jurisdiction Comports with Due Process**

McGahan does not address whether the exercise of personal jurisdiction over him will comport with due process. It does comport with due process. First, an additional analysis is not needed because McGahan was served with process in Florida. *See supra*, at pp. 3–4.

Although not necessary, if the Court elects to engage in a further analysis, the three-part test used by the Eleventh Circuit to determine whether the non-resident defendant has sufficient minimum contacts with the forum is (1) whether the plaintiff's claims "arise out of or relate to" at

least one of the defendants' contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Shores Global, LLC v. Njord's Ark A/S*, 2023 WL at *19 (quoting *Louis Vuitton Malletier, S.A., v. Mosseri*, 736 F. 3d 1339, 1355 (11th Cir. 2013)).

Plaintiffs' fraud and conspiracy claims arise out of the Letter signed by McGahan, addressed to a Florida entity, and sent to a Florida resident to defraud Plaintiffs. *See, Skyhop Technologies, Inc. v. Narra*, 58 F. 4th 1211, 1229 (11th Cir. 2023) (emails sent by nonresident defendant to plaintiff in Florida which serve as basis for claim satisfy the "arise out of or relate to" step); *Robert Scot Building Venture, LLC v. Creative Wealth Media Finance, Corp*., No. 23-CV-80282-ROSENBERG, 2023 WL 4763180, at *5 (S.D. Fla. July 10, 2023) (Plaintiffs' fraud claims arose out of nonresident defendants' calls and emails to plaintiffs' principal, who was in Florida and a Florida resident.)

McGahan does not argue to the contrary. Thus, this element is satisfied. *Id.*

**Purposely Availed**

"In cases . . . involving an intentional tort, two applicable tests can determine whether purposeful availment occurred: the effects test and the traditional minimum-contacts test." *Skyhop Technologies*, 58 F. 4th at 1230.

> A nonresident defendant's single tortious act in the forum state can satisfy the effects test, even if the defendant lacks any other contacts with the forum state. To meet the test, the tort must have been intentional, aimed at the forum state, and caused harm that the defendant should have anticipated would be suffered in the forum state.

*Id*. at 1230 (internal citations omitted).

The Letter signed by McGahan that defrauded plaintiffs was addressed to Florida, sent to a Florida resident, Farah, and used to obtain funds. Thus, it was foreseeable that McGahan would be forced to defend a lawsuit in Florida. *Id. See also, Robert Scot Building Venture*, 2023 WL at *6 (Defendants' misrepresentation to principal of Plaintiffs, Florida entities, while principal was in Florida, constituted purposeful availment.)

**Traditional Notions of Fair Play and Substantial Justice**

For this factor, "the defendant bears the burden of making 'a compelling case' that the exercise of jurisdiction is improper." *Skyhop Technologies* 58 F. 4th at 1231. The four factors generally considered are: "burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the judicial system's interest in resolving the dispute." *Id.*

Here, McGahan has made no attempt to analyze this factor. Accordingly, he fails to meet his burden. *Id.* at 1231 (Defendant did not attempt to meet his burden.). Thus, the Court's exercise of jurisdiction over McGahan is consistent with the Due Process Clause.

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE DENIED**

When ruling on a Rule 12(b)(6) motion to dismiss, "[t]he Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well pleaded facts as true." *Johnson v. Aecom Energy & Constr., Inc.,* 2024 U.S. Dist. LEXIS 91752 (S.D. Fla. May 22, 2024) (Damian, J.). The complaint's factual allegations, "must be sufficient to state a claim that is plausible on its face." A plaintiff pleads a plausible claim when she pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at *9 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, because this action involves allegations of fraud, the complaint needs to allege "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of defendant's allegedly fraudulently acts, when they occurred and who engaged in them." *Id.* (quoting *Travelers Property Cas. Co. of America v. Charlotte Pipe & Foundry Co*., No. 6:11–cv–19–Orl–28GJK, 2012 WL 983783 at *6 (M. D. Fla. March 22, 2012)). "The purpose of Rule 9(b) to alert defendants of the precise misconduct with which they are charged to protect defendants against spurious charges." *Id*. at 13–14 (quoting *U.S. ex rel. Matheny v. Medco Health Solutions, Inc*., 671 F. 3d 1217, 1222 (11th Cir. 2012)).[2]

Plaintiffs allege that Defendants, at Ronald Farah's direction, issued a letter (attached to the complaint as Exhibit A) containing the misrepresentation that Lottery.com "shall" issue shares to SMRF Holdings, Complaint at ¶¶ 19–24, Exhibit "A," D.E. 1-2, at p. 15. SMRF is a corporation McTurk created, at Farah's request, to receive the shares, *id.* at ¶ 20. McGahan then provided the letter to Farah to use to "obtain additional funding" for Lottery.com. *Id.* at ¶ 21. As McGahan intended, Farah shared the letter with McTurk. *Id.* McGahan later asked Farah if "the letters worked," *Id.* at ¶ 22. Unfortunately for McTurk, the letters did "work." *Id.* at ¶ 23. Justifiably relying on that Letter, believing that Lottery.com was issuing 3,000,000 shares to SMRF, McTurk, individually, and on behalf of entities she controlled, transferred more funds that directly or indirectly benefitted Lottery.com. *See* Complaint at Count I (Plaintiffs relied) and Count II (Plaintiffs justifiably relied).

[2] "Under Rule 9(b), a fraud-plaintiff must allege (a) the precise statements, documents, or misrepresentations made; (b) the time, place, and person responsible for the statement; (c) the content and manner in which these statements misled the plaintiffs; and (d) what the defendants gained by the alleged fraud." *State Farm Mutual Automobile Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1317 (S.D. Fla. 2017) (citing *Brooks v. Blue Cross & Blue Shield of Fla. Inc*., 116 F. 3d 1364, 1380–81 (11th Cir. 1997)).

After Farah passed away, Lottery.com took the position that the representation that Lottery.com would issue shares was false and constituted a fraud perpetrated by Farah. *Id*. at ¶¶ 26, 30, 35. But Defendants took part in that fraud, as alleged Counts I (fraudulent misrepresentation) and II (negligent misrepresentation), and by aiding and abetting the fraud and conspiring with Farah, as alleged in Counts III and IV, respectively. Plaintiffs were damaged as a result of this wrongful conduct.

These allegations satisfy the requirements of Rule 9(b) as to the time, place, and substance of the fraud, the fraudulent acts, and who engaged in them. Finally, Defendants gained from the alleged fraud by obtaining funds from Plaintiffs.

**<u>Fraudulent Misrepresentation and Negligent Misrepresentation</u>**

The elements of fraudulent misrepresentation are "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *State Farm Mutual Automobile Ins. Co v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1317 (S.D. Fla. 2017) (quoting *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla 2010)). Negligent misrepresentation is "somewhat different" in that it requires, *inter alia*, injury to plaintiff acting in justifiable reliance on the misrepresentation. *Dziegielewski v. Scalero*, 352 So. 3d 931, 934 (Fla. 5th DCA 2022).[3]

As to Count I, Defendants argue that Plaintiffs' reliance was not "reasonable." However, "the Florida Supreme Court eliminated the requirement that reliance be 'reasonable' or

---

[3] The elements for negligent misrepresentation are: "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." *Id, quoting, Simon v. Celebration Co*., 883 So.2d 826, 832 (Fla. 5th DCA 2004).

'justifiable' for a Plaintiff to prevail on a fraud claim." *State Farm Mutual*, 278 F. Supp. 3d at 1317–18 (citing *Butler* at 105). Moreover, reliance is "a factual issue reserved for the jury to decide." *Scott v. Paycheck Ins. Agency, Inc.*, NO. 22-62052-CIV-ALTONAGA/Strauss, 2023 WL 5036099 at *5 (S.D. Fla. Aug. 8, 2023).

Defendants also contend the Plaintiffs' reliance was not justifiable as required for a negligent misrepresentation claim (Count II). Plaintiffs allege that they (a) justifiably relied on the Letter that Lottery.com "shall" issue shares to SMRF, an entity that McTurk created, at Farah's instruction, to receive those shares and (b) continued providing funds justifiably relying on that Letter, which represented that 3,000,000 shares "shall" be issued to SMRF. Whether such reliance was justifiable is a "factual issue that cannot be determined on a motion to dismiss." *Maxted v. Sato Global Solutions, Inc.*, NO. 17-61769-CIV-COHN/SELTZER, 2018 WL 3109628, at *7 (S.D. Fla. March 9, 2018). Thus, the Motion to Dismiss Counts I and II must be denied.[4]

**<u>Aiding and Abetting and Conspiracy</u>**

Defendants argue that Count III (Aiding and Abetting) and Count IV (Conspiracy) are deficient because Plaintiffs fail to state the underlying claims of fraudulent misrepresentation and negligent misrepresentation. However, as set forth above, Plaintiffs do state claims for fraudulent and negligent misrepresentation.

Defendants also erroneously argue that the conspiracy claim is deficient because Plaintiffs fail to allege an agreement between Farah and Defendants. Contrary to that argument, Plaintiffs allege that "Farah joined forces with Lottery.com and McGahan to issue the letter to

---

[4] Although Defendants also cite a couple of cases from New York for the proposition that "the terms of the Letter are too indefinite to enforce," the issue here is not the enforcement of a contract, but rather fraud. Whatever argument Defendants try to make based on whether Plaintiffs' reliance was reasonable or justifiable remains an issue to be decided by a jury.

obtain more funds from Plaintiffs." Complaint at ¶ 19. Moreover, McGahan signed the fraudulent Letter at Farah's direction. *Id* at ¶ 21.

Finally, Defendants contend that the counts also fail to allege an overt act. But the issuance of the Letter, at Farah's direction, to defraud Plaintiffs is an overt act. Thus, Plaintiffs state claims for aiding and abetting and conspiracy.

## Conclusion

For the foregoing reasons, the Motion to Dismiss should be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on August 1, 2024, with the Clerk by using the CM/ECF system, which will send notification for such filing to all attorneys of record.

DORTA LAW
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: 305-441-2299
Telecopier: 305-441-8849
mrd@dortalaw.com
jgonzalez@dortalaw.com
sgutierrez@dortalaw.com

By: /s/Matias R. Dorta
Matias R. Dorta
Florida Bar No. 770817