**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-60993-CIV-DAMIAN**

**SHARON A. MCTURK**, *et al.*,

Plaintiffs,

v.

**LOTTERY.COM, INC.**, and
**MATTHEW MCGAHAN**,

Defendants.
______________________________________/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS [ECF NO. 12]**

Defendants, Lottery.com, Inc. and Matthew McGahan (collectively, "Defendants") reply to *Plaintiffs' Opposition to Defendants' Motion to Dismiss* [ECF No. 22] ("Response") filed in opposition to *Defendants' Motions to Dismiss* [ECF No. 12] ("Motion").

1. McGahan withdraws his motion to dismiss for lack of personal jurisdiction.

2. Based on Plaintiffs' insufficient *Complaint* [ECF No. 1-2], p. 7-15 and inadequate Response, Defendants are entitled to dismissal of Plaintiffs' claims and entry of a final judgment.

Recap: State of the *Complaint* and standard for judging its sufficiency.[1]

3. The *Complaint* alleges two substantive causes of action:

- Count 1 (Fraudulent Misrepresentation); and
- Count 2 (Negligent Misrepresentation).

[1] *Ghee v. Comcast Cable Comm.*, 2023 U.S. App. LEXIS 13787, at *3 (11th Cir. June 5, 2023) ("The purpose of a motion to dismiss under Rule 12(b)(6) 'is to test the facial sufficiency of' a complaint.").

"Claims that sound in fraud must comply not only with the plausibility standard articulated in *Twombly* and *Iqbal*, but also the heightened pleading requirements of Rule 9(b)." *Young v. Grand Canyon Univ., Inc*., 57 F.4th 861, 875 (11th Cir. 2023). "Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims." *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014); *Johnson v. Aecom Energy & Constr., Inc*., 2024 U.S. Dist. LEXIS 91752, at *12-13 (S.D. Fla. May 22, 2024) (Damian, J.) (Same).[2]

4. Rule 9(b) also applies to Plaintiffs' allegations of aiding and abetting (Count 3) and Conspiracy (Count 4). *Am. Airlines, Inc. v. Spada*, 2024 U.S. Dist. LEXIS 32525, at *38 (S.D. Fla. February 23, 2024) (Damian, J.); *Banc of Am. Sec. LLC v. Stott*, 2005 U.S. Dist. LEXIS 58570, at *12-14 (S.D. Fla. Aug. 30, 2005) (collecting cases) ("Pleadings involving allegations of aiding and abetting in fraud and conspiracy to defraud must comply with Rule 9(b)'s heightened pleading standards.").

<u>The Consequences of choosing to stand on the *Complaint*</u>

5. Foregoing the opportunity to amend the *Complaint*, Plaintiffs chose to stand on their state court pleading after removal. That choice has consequences.[3] *Zhang v. Royal Caribbean Cruises, Ltd*., 2020 U.S. Dist. LEXIS 52461, at *4-9 (S.D. Fla. Mar. 26, 2020) (Leave denied when Plaintiff

---

[2] *Hoisington v. Penske Auto. Grp., Inc*., 2021 U.S. Dist. LEXIS 64968, at *15 (S.D. Fla. April 1, 2021) (Citations omitted):

> A plaintiff asserting negligent misrepresentation under Florida law must therefore allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[]; and (4) what the defendants gained by the alleged fraud." "[B]are allegation[s] of reliance on alleged misrepresentations, bereft of any additional detail, will not suffice under Rule 9(b)."

[3]*See generally Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision… was probably wrong…. free, calculated, deliberate choices are not to be relieved from."); *ZF Meritor, LLC v. Eaton Corp*.,

made the strategic decision to stand on his pleading, oppose a motion to dismiss, "then sat back and waited to see if the Court would let his pleading fly."); *Wesner v. Ocwen Loan Servicing*, LLC, 2016 U.S. Dist. LEXIS 157969, at *18 (S.D. Fla. Nov. 14, 2016) ("The dismissal of Count I is with prejudice because Plaintiff did not request leave to amend his Complaint but rather chose to stand on his pleading."); *Lowe v. Metanoya Props*., 2017 U.S. Dist. LEXIS 214525, at *6 (N.D. Ga. April 14, 2017) ("Rather than acknowledge the glaring deficiencies in his allegations… [Plaintiff] resisted the motion to dismiss… Court could not ignore [how Plaintiff] stood behind a raft of conclusions and labeled them facts."); *Accord United States v. Kindred Healthcare, Inc*., 536 F. Supp. 3d 1, 6 (E.D. Pa. 2021):

> relator relied on a "wait-and-see" approach to pleading, whereby he waited until the Court identified the flaws in his allegations then sought to correct them—corrections that relator could have but chose not to make earlier. Relator's reliance on this approach to pleading was at his own peril.

6. "Rule 9(b) is intended to set a higher than normal threshold of specificity in factual allegations." *D.H.G Props., L.L.C. v. Ginn Cos*., 2010 U.S. Dist. LEXIS 140208, at *36-38 (M.D. Fla, Sept. 28, 2010) (collecting cases). Rule 9(b) requires Plaintiffs to allege misconduct "precisely." *W. Coast Roofing v. Johns Manville, Inc*., 287 Fed. Appx. 81, 86 (11th Cir. 2008); *See also* Response, at p. 11. Courts apply the "bite of Rule 9(b)… with force, without apology." *D.H.G Props.*, at *37. Nevertheless, Plaintiffs chose not to replead the *Complaint* to provide the detail required by Rule 9(b). *See generally Young v. Grand Canyon University, Inc*., 57 F.4th 861, 876 (11th Cir. 2023) ("A bare allegation of reliance on alleged misrepresentations, bereft of any

---

696 F.3d 254, 299 (3d Cir. 2012) ("It is not the district court's responsibility to help a party correct an error or a poor exercise of judgment..."); *Mars Incorporated v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 620 (Fed. Cir. 1995) ("[W]e do not think it unfair to hold Mars to the consequences of its choice."); *See e.g., Wilson v. Regions Bank*, 2015 U.S. Dist. LEXIS 91183, at *2, 9-10 (M.D. Tenn. July 14, 2015) (Plaintiffs who did not file an amended complaint after removal failed to "hit the mark on pleading an injury or pleading the time, place, or content of the alleged misrepresentations" required by Rule 9(b)).

additional detail, will not suffice under Rule 9(b)."); *Hart v. Mbna Am. Bank, N.A.*, 2005 U.S. Dist. LEXIS 61562, at *4) (M.D. Fla. September 21, 2005) (To satisfy the pleading requirements of Rule 9(b) Plaintiff must "present factual details"); *Johnson v. Aecom Energy & Constr., Inc.*, 2024 U.S. Dist. LEXIS 91752, at *9-10 (S.D. Fla. May 22, 2024) (Damian, J.) (Rule 9(b) requires "details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them."); *David Antoniono Invs., Inc. v. Hutchens*, 2017 U.S. Dist. LEXIS 32279, at *4 (S.D. Fla. March 6, 2017) ("Put simply, Rule 9(b) requires that a complaint set forth the who, what, when, where, how, and why of the alleged fraudulent conduct.").

<u>Failing the 5Ws and the H</u>

7. The Complaint provides one date. Complaint, at ¶16; *See also*, ¶18, (alleging two months when agreements allegedly were made by third parties). Plaintiffs fail to identify the date when any misrepresentation was made, where it was made, how it was conveyed, who made it, why it was relied on, why that Plaintiff was misled, what each Plaintiff paid, and what Lottery.com obtained as a result. There are four plaintiffs and the Complaint fails to distinguish between any of them with the exception that Plaintiffs Rutherford, SJB and Astra were already funding Farah before having any contact with Lottery.com or McGahan. Complaint, at ¶15-16; If Plaintiffs rely on the Letter attached as Exhibit A as a misrepresentation, Plaintiffs failed to explain how a representation about a future event (requiring three conditions to occur) could be relied on. Attempting to explain would be an exercise in futility, because a promise or a prediction of future events is generally not actionable as a matter of law. *MCM Ent., Inc. v. Diaz World Trade Grp., Inc.*, 2024 U.S. Dist. LEXIS 17396, at *26 (S.D. Fla. January 30, 2024); *Finkelstein v. Mount Sinai Med. Ctr. of Fla., Inc.*, 2024 U.S. Dist. LEXIS 121048, at *24 (S.D. Fla. July 9, 2024) ("A conditional offer… does not generally give rise to sufficient legal rights to support a plaintiff's

claim."). The Complaint fails to plausibly allege facts that the representations were false. For example, there is no showing that Lottery.com eventually agreed to the terms in the Letter or that Farah met the conditions to receive shares from Lottery.com.

8. A complaint that is contradictory is not plausible. *See In re Riddell Concussion Reduction Litig*., 77 F. Supp. 3d 422, 431 (D.N.J. 2015). The *Complaint* cannot be sufficient because it is contradictory. The Letter attached as Exhibit A is dated December 8, 2022, but Plaintiffs allege parting with money on September 19, 2022. Complaint, at ¶16. The Plaintiffs do not identify another date, and no date for when any money was paid **after** December 8, 2022. The Complaint actually excludes Plaintiff McTurk from paying anything after the Letter. *See* Complaint, at ¶23. Plaintiffs cannot have relied on representations made after investing at Farah's direction. *Cf. Stephens v. Entre Computer Ctrs., Inc*., 696 F. Supp. 636, 641 n.6 (N.D. Ga. 1988) (Disregarding misrepresentations made after the contract was signed); *Accord Ahmed v. Mbogo*, 2018 Tex. App. LEXIS 5849, at *32–33 (Tex. App.—Dallas July 30, 2018, pet. denied) (A false statement made after the parties entered into their contract could not have induced the contract."). Because the Complaint remains contradictory, it must be dismissed for failure to state a claim.

Plaintiffs' refusal to comply with Rule 9(b) is most obvious in the *Complaint's* omission of <u>plausible allegations of Agency</u>

*"one who deals with an agent takes the risk not only of ascertaining whether the person with whom he is dealing is the agent, but also of ascertaining the scope of his powers."*[4]

9. Without establishing an agency relationship, Plaintiffs cannot hold Lottery.com liable for the allegedly fraudulent actions of Defendant McGahan or third-party Farrah. *See Great Fla. Bank v. Countrywide Home Loans, Inc*., 2011 U.S. Dist. LEXIS 10321, at *12 (S.D. Fla. Feb. 3, 2011); *Weinberg v. Chappie*, 2006 U.S. Dist. LEXIS 113824, at *7 (S.D. Fla. March 21, 2006) ("The

---

[4] *NationMotor Club, Inc. v. Stonebridge Cas. Ins. Co*., 2013 U.S. Dist. LEXIS 180496, at *47-48 (S.D. Fla. Oct. 29, 2013).

Court concludes that Plaintiffs have failed to plead their fraud and conspiracy claims with sufficient particularity as to who made what statements, when and where those statements were made, and if made by agents, the basis for the agency relationship between each agent and each Defendant."); *Heup Song v. Fish*, 2024 U.S. Dist. LEXIS 93900, at *9 (M.D. Fla. April 17, 2024):

> Defendants argue that 'Plaintiff's failure to properly establish how Mr. Cho ever had the authority to make statements on behalf of the Defendants is fatal to Plaintiff's fraud claims' …After reviewing the relevant case law, the Court agrees with Defendants.

The Response does not identify how the Complaint plausibly alleges that Lottery.com would be responsible for any of McGahan or Farah's representations. *See e.g., Lewis v. Fannie Mae*, 2021 U.S. Dist. LEXIS 160747, at *9-10 (N.D. Ala. August 25, 2021) (Citation omitted) ("The amended complaint lacks any reference to facts that could reveal an agency relationship… because the court will not presume agency, Lewis has pleaded no basis for holding Defendants responsible for McCalla's statement."). The Complaint is devoid of plausible allegations that would support an actual agency relationship. *See Mika v. Celebrity Cruises, Inc.*, 2010 U.S. Dist. LEXIS 49846 at *7-8 (S.D. Fla. May 10, 2010). The *Complain*t – including the Letter attached and attributed to McGahan – does not provide a plausible factual allegation of apparent agency. *Griffing v. Societe Anonyme*, 53 Fla. 801, 822; 44 So. 342, 348 (1907) ("agency cannot be proved by the mere declaration of a supposed agent."); *Worsham v. TSS Consulting Group, LLC*, 2023 U.S. Dist. LEXIS 53057, at *19 (M.D. Fla. 2023) ("The agent cannot create apparent authority, only the actions or representations of the principal can create apparent authority."). Under a Rule 8 analysis, Plaintiffs fail to plausibly allege agency. *Wilhite v. Acell Investors Ltd.*, 2014 U.S. Dist. LEXIS 8478, at *8 (N.D. Tex. January 23, 2014) ("Acell's conclusory allegation that Wilhite and Dale acted as 'agents' is insufficient to satisfy the pleading standard of Rule 8, much less Rule 9(b).").

The Complaint alleges:

> Defendant, Lottery.com, Inc., ("Lottery.com") is a Delaware Corporation with its principal offices in Texas. [ECF. No. 1-2], p. 9, ¶6.[5]

Under a Rule 9(b) analysis, Plaintiffs fail to plausibly allege agency. Without particularity about how Farah or McGahan were authorized by Lottery.com to make the representations complained

---

[5] Plaintiffs did not allege that Lottery.com's board of directors delegated any authority. *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 921(Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("A finding of actual authority cannot be based merely on the words or deeds of the agent."). This is a fatal defect as to actual authority, because in Texas and Delaware, corporate power exists solely in the Board. *See* Tex. Bus. Org. Code §21.401 (Management by Board of Directors):

> (a) Except as provided by Section 21.101 or Subchapter O, the board of directors of a corporation shall:
>
> (1) exercise or authorize the exercise of the powers of the corporation; and
> (2) direct the management of the business and affairs of the corporation.

8 Del. C. §141 (Board of Directors…):

> (a) The business and affairs of every corporation organized under this chapter shall be managed by or under the direction of a board of directors, except as may be otherwise provided in this chapter or in its certificate of incorporation…

Additionally, titles do not establish someone's apparent authority. *Manuf. Equip. Co. v. Cisco Clay & Coal Co*., 15 S.W.2d 609, 613 (Tex. 1929) (Citations omitted):

> A president of such a company, or a corporation for that matter, has no actual authority by virtue of his position alone to bind his company by contract. In order to bind a [] corporation by the contract of its president, he must be authorized to make it either by the statutes of this state, the terms of the by-laws, or by appropriate action taken by the directors, trustees or other governing body. Neither does any apparent authority exist in such officer by virtue of his position.

*Douglass v. Panama, Inc*., 487 S.W.2d 228, 233 (Tex. App.—Houston [14th Dist.] 1972) aff'd 504 S.W.2d 776 (Tex. 1974). (Finding no actual authority of the president of a corporation to promise employees bonuses because under Texas statutes "the business and affairs of a corporation are managed by the board of directors and not by . . . anyone else in the absence of an agreement or, as to third parties, apparent authority"); *Impact Floors of Tex., L.P. v. At Your Disposal, Inc*., 2019 Tex. App. LEXIS 5659, at *14 (Tex. App.—Austin July 9, 2019, no pet.) (Mere appointment of a person as a vice president does not by itself establish apparent authority as a matter of law to execute contracts on behalf of the company).

of, the Complaint is fatally defective. *St. Francis Holdings, LLC v. Pawnee Leasing Corp*., 2020 U.S. Dist. LEXIS 199151, at *10-12) (M.D. Fla. October 27, 2020) (Case citations omitted):

> The Court holds that Plaintiffs have not adequately alleged an agency relationship between Huston and Defendant Pawnee. Any acts or statements made by Huston—as the purported agent—cannot form the basis of apparent authority under Florida law. What matters is whether Defendant Pawnee—as the purported principal—created the appearance of agency. Plaintiffs do not allege any facts showing that Defendant Pawnee engaged in any actions or made any representations that created the reasonable appearance of an apparent agency relationship with Huston…
>
> Plaintiffs are required at the pleading stage to raise a right to relief beyond mere speculation. This burden is heightened when the claim sounds in fraud. *See* Fed. R. Civ. P. 9(b). In support of their agency theory, Plaintiffs have offered only conclusory allegations and their assumptions based on Huston's actions. Accordingly, Plaintiffs' claim must be dismissed on this basis.

10. Plaintiffs allege that "Farah joined forces with Lottery.com and McGahan, who was chairman of Lottery.com…" *Complaint*, at ¶19. Plaintiffs failed to connect any allegation to the scope of a purported agency. *See Buffalo Xerographix v. Hartford Ins.*, 540 F. Supp. 3d 382, 393 (W.D.N.Y. May 18, 2021). Meaning the *Complaint* fails to plausibly allege how any speaker had authority to bind Lottery.com on the subject matter of the statement made by the speaker. Instead, Plaintiffs invite the Court to do exactly what *Twombly* prohibits. Accept labels and conclusions with no factual enhancement. *Garza v. Gibraltar*, 2024 U.S. Dist. LEXIS 111755, at *8-9 (W.D. Tex. May 15, 2024) (Citing *Twombly*) (Internal citations omitted) (Emphasis added) ("Federal Rule of Civil Procedure 8… demands more than unadorned accusations, **labels** and **conclusions**, a formulaic recitation of the elements of a cause of action, or **naked assertion**[s] devoid of further factual enhancement.").

Plaintiffs concede that – as a matter of law - they may not rely on the Letter

11. In response to Defendants' argument that the Letter attached to the Complaint as Exhibit A is too indefinite to be enforced (*Motion*, at p. 14, ¶14), Plaintiffs state only that this is a jury issue – without specifying any factual matter preventing the Court from determining indefiniteness as a matter of law. Response, at p. 4, n.4. Therefore, Plaintiffs conceded dismissal on this point. *Ye v. Zhang*, 2021 U.S. Dist. LEXIS 238651, at *19 (S.D. Tex. June 8, 2021) (Relying on a vague, indefinite promise is unreasonable as a matter of law); *Fawcett v. Carnival Corp*., 682 F. Supp. 3d 1106, 1112 (S.D. Fla. 2023) (Altonaga, C.J.) ("The failure to respond to arguments regarding claims addressed in a motion to dismiss is sufficient basis to dismiss such claims as abandoned or by default.").

**Conclusion and Prayer**

Therefore, Defendants request that the Court dismiss all Plaintiffs' claims against Defendants for failure to state a claim, or alternatively, grant such other relief raised by the Motion to which Defendants are entitled.

Dated: August 29, 2024

Respectfully submitted,

By: */s/ Andrew R. Korn*
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
Telephone number: 214-521-0500
E-mail address: akorn@receiverandrewkorn.com
State Bar of Texas identification number 11683150 Appearing Pro Hac Vice [ECF No. 9]

*Attorney for Defendants Lottery.com, Inc. and Matthew McGahan*

THE ALDERMAN LAW FIRM
*Co-Counsel for Defendants*
*Lottery.com, Inc. & Matthew McGahan*
9999 NE 2nd Ave, Suite 211
Miami Shores, FL 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
Email: jalderman@thealdermanlawfirm.com
ttolentino@thealdermanlawfirm.com

By: */s/ Jason R. Alderman*
Jason R. Alderman
Fla. Bar No. 0172375
Troy A. Tolentino
Fla. Bar No. 117981

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on August 29, 2024, with the Clerk by using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: *<u>/s/ Jason R. Alderman</u>*___
Jason R. Alderman