UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60993-CIV-DAMIAN

SHARON A. MCTURK, *et al.*,

      Plaintiffs,

v.

LOTTERY.COM, INC., and
MATTHEW MCGAHAN,

      Defendants.

_____/

ORDER ON DEFENDANTS' MOTION TO DISMISS [ECF NO. 12]

THIS CAUSE is before the Court on Defendant Matthew McGahan's Motion to Dismiss for Lack of Personal Jurisdiction and Defendants, Lottery.com, Inc. and Matthew McGahan's, Motion to Dismiss for Failure to State a Claim [ECF No. 12] ("Motion to Dismiss"), filed July 2, 2024.

THE COURT has reviewed the Motion to Dismiss and the parties' briefing [ECF Nos. 37 and 38], the applicable law, and the relevant portions of the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

The following facts are stated as alleged by Plaintiffs, Sharon A. McTurk, Rutherford Enterprises, LLC, SJB Solutions, LLC, and Astra Supply Chain, LLC (collectively, "Plaintiffs"), in the Complaint. [ECF No. 1-2 at pp. 8–15]. For purposes of considering the Motion to Dismiss, the allegations in the Complaint are taken as true and construed in the light most favorable to Plaintiffs. *See Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018).

Plaintiff Sharon A. McTurk is the managing member or president of the Plaintiff Entities, Rutherford Enterprises, LLC ("Rutherford"), SJB Solutions, LLC ("SJB"), and Astra Supply Chain ("Astra") (collectively, the "Plaintiff Entities"). McTurk learned about an investment opportunity with Defendant Lottery.com, Inc. ("Lottery.com") through Ronald Farah, a non-party to this action. After explaining the opportunity and the business of Lottery.com, Farah told McTurk that Lottery.com needed financing and that, in exchange for such financing, McTurk would receive shares of Lottery.com at below market price. Plaintiff Entities Rutherford and SJB advanced funds to Farah so he could travel to Europe to further the business of Lottery.com and pay its expenses.

In order to obtain more funding from Plaintiffs, Farah asked McTurk to form SMRF Holdings, LLC ("SMRF"). McTurk and Farah would be co-owners to effectuate the receipt of the Lottery.com shares Farah had promised McTurk. McTurk did as she was asked and formed SMRF.

At Farah's direction, Defendant Matthew McGahan, who was the Chairman of Lottery.com, signed a Letter, dated December 8, 2022, addressed to SMRF Holdings (the "Letter"). A copy of the Letter is attached to the Complaint. The Letter provides, in relevant part:

> In accordance with the agreed terms and conditions for your work or services to Lottery.com, Inc. (the "Company"), Company shall issue SMRF Holdings, LLC 3,000,000 common stock shares of Company, subject to: a) Company meeting all listing rules set forth by Nasdaq; b) issuance of shares does not cause the Company to violate any Nasdaq or U.S. Securities and Exchange Commission (SEC) requirements with respect to corporate governance or shareholder approval (if required); and c) approval by Company's Board of Directors and Compensation Committee for said issuance of shares.

Farah gave the Letter to McTurk, and, following McTurk's receipt of the Letter, Plaintiffs provided additional funds to Farah for Lottery.com. Farah directed McTurk where to send the funds and represented to McTurk that the funds would be for Lottery.com and that McTurk would get Lottery.com shares in return. Plaintiffs allege they transferred approximately $1.9 million for Lottery.com at Farah's direction. It is not clear which Plaintiffs transferred how much money after the receipt of the Letter or when such transfers were sent.

After Farah passed away in September 2023, Lottery.com took the position that, although it did receive funds directly or indirectly from Plaintiffs, the promise of shares in return was a fraud perpetuated by Farah.

On May 1, 2024, Plaintiffs filed a Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida, against Defendants, Lottery.com, Inc., and Matthew McGahan. *See* Complaint [ECF No. 1-2 at pp. 8–15]. In the Complaint, Plaintiffs assert four causes of action: fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), aiding and abetting (Count III), and conspiracy (Count IV). *Id.*

Defendants timely removed the action to this Court on June 10, 2024, pursuant to 28 U.S.C. §§ 1332(a) and 1441, based on diversity of citizenship. [ECF No. 1]. On July 2, 2024, Defendants filed the Motion to Dismiss now before the Court. Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss [ECF No. 22], and Defendants filed a Reply [ECF No. 33]. The Motion to Dismiss is fully briefed and ripe for adjudication.

3

## II.   LEGAL STANDARDS

### A.  General Pleading Standards – Federal Rules of Civil Procedure 8(a) and 12(b)(6)

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). This pleading requirement serves to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 570. A plaintiff makes a facially plausible claim when she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a plaintiff fails to state a claim upon which relief could be granted. In considering a Rule 12(b)(6) motion, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal

4

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679. Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Hishon*, 467 U.S. at 73). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### B. Pleading Special Matters – Federal Rule of Civil Procedure 9(b)

When a plaintiff asserts claims based upon fraud or mistake, simply meeting the pleading requirements of Rule 8(a) is insufficient to survive a Rule 12(b)(6) motion to dismiss. A heightened pleading standard applies to allegations of fraud or mistake. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993). For such claims, the pleader "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach.*

*Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985)). In *Mizzaro v. Home Depot, Inc.*, the Eleventh Circuit Court of Appeals explained:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

544 F.3d 1230, 1237 (11th Cir. 2008) (*quoting Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007)). However, "Rule 9(b) does not require a plaintiff to allege specific facts related to the defendant's state of mind." *Id.* "[M]alice, intent, knowledge, and other conditions of a person's mind" may be pled generally. Fed. R. Civ. P. 9(b). Rule 9(b) is meant to prevent "[s]peculative suits against innocent actors for fraud" and, thus, can be satisfied by "facts as to time, place, and substance of the defendant's alleged fraud" and "details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 566–68 (11th Cir. 1994); *see also U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002).

## III.   DISCUSSION

In the Motion to Dismiss, Defendant McGahan, who is a British citizen residing in the United Arab Emirates, argues that this Court lacks personal jurisdiction over him. After Plaintiffs filed their Response asserting that this Court has personal jurisdiction because McGahan was personally served with process in Boca Raton, Florida, McGahan withdrew

his Motion to Dismiss for lack of personal jurisdiction.[1]  Therefore, the Court only addresses Defendants' Motion to the extent it is based on Rule 12(b)(6).

Plaintiffs allege four claims against Defendants, which at their core, all stem from the alleged fraudulent scheme perpetrated by non-party Farah and Defendants to induce Plaintiffs to transfer money to Lottery.com. All of Plaintiffs' claims are subject to the heightened pleading standard of Rule 9(b).[2]  For the reasons discussed below, this Court finds that all four counts fail to satisfy the applicable pleading standards.

### A. Count I – Fraudulent Misrepresentation

In Count I of the Complaint, Plaintiffs assert a claim for fraudulent misrepresentation. Compl. ¶¶ 28–32. Plaintiffs' fraudulent misrepresentation claim re-alleges the general allegations in paragraphs 1 through 27 and includes the following additional allegations:

> 29.    McGahan, individually, and as Chairman of Lottery.com, knew that Farah was obtaining funds from third parties to meet Lottery.com's financial needs.

> 30.    McGahan, at the direction of Farah, executed the Letter attached as Exhibit A to induce McTurk and others to continue providing funds that would eventually reach Lottery.com, knowing that shares would

---

[1] "As a general rule, Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process while voluntarily present in the state. As a result, the Court need not determine whether [the non-resident defendant] conducted business in Florida or otherwise satisfies the requirements of Florida's long-arm statute." *Sirer v. Aksoy*, No. 21-cv-22280, 2021 WL 4952610, at *3 (S.D. Fla. 2021).

[2] *See, e.g.*, *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 663 (11th Cir. 2015) (fraudulent misrepresentation claim subject to Rule 9(b)); *Lamm v. State Street Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014) ("Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims."); *Banc of America Sec. LLC v. Stott*, No. 04-81086-CIV, 2005 WL 8156027, at *5 (S.D. Fla. Aug. 30, 2005) ("Pleadings involving allegations of aiding and abetting in fraud and conspiracy to defraud must comply with Rule 9(b)'s heightened pleading standards.") (citing cases).

> not be issued to McTurk, the Plaintiff Entities, or any entity created by McTurk, such as SMRF.
>
> 31.    McGahan, individually, and as Chairman of Lottery.com, knew that the Letter was false as Farah was not providing services to Lottery.com that would allow for the issuance of shares and that the recipients of that Letter, including McTurk, would rely on the Letter to provide funds.
>
> 32.    McTurk, individually, and on behalf of the Plaintiff Entities, relied on the letter to continue advancing funds resulting in damage to the Plaintiffs.

Compl. ¶¶ 29–32. Thus, Plaintiffs' fraudulent misrepresentation claim is based on Plaintiffs' reliance on the December 8, 2022 Letter, which allegedly induced them to send additional funds to Lottery.com, believing they would receive shares in return. Defendants argue Plaintiffs' fraudulent misrepresentation claim must be dismissed because Plaintiffs fail to adequately allege justifiable reliance. This Court agrees.[3]

A cause of action for fraudulent misrepresentation under Florida law has four elements: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *In re Harris*, 3 F.4th 1339, 1349 (11th Cir. 2021) (quoting *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)). Furthermore, when pleading fraud, Rule 9(b) requires that the plaintiff state with

---

[3] Defendants also argue that Plaintiffs have not sufficiently alleged that reliance on the Letter was reasonable, but determination of the reasonableness of reliance is a fact-intensive inquiry not appropriate for disposition at the motion to dismiss stage. *See Brady v. Medtronic, Inc.*, No. 13-62199-CIV, 2015 WL 11181971, at *6 (S.D. Fla. 2015) (Bloom, J.) (citing cases); *see also Maxted v. SATO Glob. Sols., Inc.*, No. 17-61769-CIV, 2018 WL 3109628, at *7–8 (S.D. Fla. March 9, 2018) (Cohn, J.) ("Whether or not Plaintiff's reliance on these representations was reasonable is clearly a factual issue that cannot be determined on a motion to dismiss.").

particularity the circumstances constituting the fraud. "Circumstances" constituting fraud which must be pled with particularity include "identifying the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022) (citing *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)); *see also Aprigliano v. Am. Honda Motor Co., 979* F. Supp. 2d 1331, 1342 (S.D. Fla. 2013) (Altonaga, J.) (explaining that a plaintiff must "'plead the who, what, when, where, and how' of the allegedly fraudulent statements or omissions" (quotation omitted)).

As a threshold matter, as this is not a class action, Florida law treats each fraud claim as "factually distinct and requires proof of matters individual to each plaintiff." *See Chateau Cmtys., Inc. v. Ludtke*, 783 So. 2d 1227, 1231 (Fla. 5th DCA 2001); *cf. Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176, 1178–79 (Fla. 5th DCA 2006). Plaintiffs make no attempt, however, to allege the particulars of fraudulent misrepresentations—the who, what, when, where, and how—as to each of them individually. It is not clear from a reading of the Complaint which Plaintiff Entity contributed funds and when and how much, thus it is unclear whether each one did act in reliance on the Letter and to what extent they were each damaged as a result.[4] Therefore, the fraudulent misrepresentation claim is deficient for this reason alone.

---

[4] The Complaint alleges that some of the Plaintiff Entities were already providing funding to Lottery.com before the Letter was issued in December 2022. Compl. ¶¶ 15–16. The Complaint also alleges that "McTurk, individually, *and on behalf of the Plaintiff Entities*, relied on the letter to continue advancing funds resulting in damage to the Plaintiffs." *Id.* ¶ 32. One cannot decipher from the allegations which Entity (or McTurk alone) relied on what and when nor what part of the funds advanced was sent after the Letter as opposed to before and by whom.

Moreover, in the Complaint's General Allegations section, Plaintiffs allege that Farah promised McTurk that in exchange for additional funding for Lottery.com "*she* would receive shares of Lottery.com at below market price." Compl. ¶ 14 (emphasis added); *see also id.* ¶ 20 ("McTurk and Farah would be co-owners [of SMRF] to effectuate the receipt of the Lottery.com shares Farah had been promising *McTurk.*") (emphasis added). Based on these allegations, it does not appear that any Entity should have believed that it would receive shares. To the contrary, the Letter, which was addressed to SMRF and then shared with McTurk, indicates only SMRF, which was owned in part by McTurk, is the only entity that should have expected to receive shares. It is true that "it is not necessary that the false statement be made directly to the injured party, provided [that the statement] is made with the intent that it shall reach . . . and be acted on the by injured party." *Dresser v. HealthCare Servs., Inc.*, No. 8:12–cv–1572–T–24–MAP, 2013 WL 82155, at *4 (M.D. Fla. Jan. 7, 2013); *Harrell v. Branson*, 344 So. 2d 604, 606 (Fla. 1st DCA 1977) (("[i]t is not necessary that a direct statement be made to the representee in order to give rise to the right to rely upon the statement, for it is immaterial whether it passes through a direct or circuitous channel in reaching him, provided it be made with the intent that it shall reach him and be acted on by the injured party."). However, this requires reliance on the particular statement at issue, even though it is not made directly to the complaining party. *Dresser*, 2013 WL 82155, at *4. Based upon the allegations discussed above, the Complaint does not plausibly allege that the Plaintiff Entities relied upon the Letter or the allegedly false statements of fact contained therein.

Along these same lines, the Complaint also fails to plausibly allege that the Defendants had the specific intent to induce Plaintiffs to act in reliance on the Letter. *See Cruise v. Graham*, 622 So. 2d 37, 40 (Fla. 4th DCA 1993) (fraud is an intentional tort). Plaintiffs simply allege that "McGahan, individually, and as Chairman of Lottery.com, knew that the Letter was false . . . and that the recipients of that Letter, including McTurk, would rely on the Letter to provide funds." Compl. ¶ 32. This allegation is not sufficient to plausibly allege that at the time the Letter was written, Defendants intended the Letter would induce each of the Plaintiffs to act upon it. *See In re Palm Beach Fin. Partners, L.P.*, 517 B.R. 310, 338 (S.D. Fla. Bankr. 2013).

Finally, Defendants' averments regarding whether reliance on the Letter, which required Board approval before shares would issue, are well-taken. Because the fraudulent misrepresentation fails for the reasons addressed above, the Court need not address this nor Defendants' remaining challenges.

For the reasons discussed above, this Court finds that Count I of the Complaint for fraudulent misrepresentation fails to satisfy the requirements of Rule 9(b). Accordingly, Count I is due to be dismissed.

### B. Count II – Negligent Misrepresentation

In Count II of the Complaint, Plaintiffs assert a cause of action for negligent misrepresentation. Compl. ¶¶ 33–37. Defendants argue that Count II must be dismissed for failure to state a claim for the same general reasons that the fraudulent misrepresentation claim is deficient. This Court agrees.

A plaintiff must show four elements to prove negligent misrepresentation under Florida law: "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1259 (11th Cir. 2014) (quoting *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, 607 F.3d 742, 747 (11th Cir. 2010), *certified question answered*, 110 So. 3d 399 (Fla. 2013)). Again, Rule 9(b)'s heightened pleading standards apply. *See Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014).

The elements of a negligent misrepresentation claim are essentially the same as those for fraudulent misrepresentation, except that, instead of knowledge of the falsity of the representation, the plaintiff need only prove that the representor reasonably should have known of the statement's falsity. *Rogers v. Cisco Sys., Inc.*, 268 F. Supp. 2d 1305, 1312 (N.D. Fla. 2003) (citations omitted).

For the same reasons Plaintiffs' fraudulent misrepresentation claim fails to state a plausible claim for relief, Plaintiffs' negligent misrepresentation claim is also due to be dismissed, as the Complaint fails to adequately allege how each Plaintiff justifiably relied on the alleged misrepresentations. Therefore, Count II is also due to be dismissed.

### C. Count III – Aiding And Abetting

Plaintiffs assert a claim for aiding and abetting fraud in Count III. Compl. ¶¶ 38–43. Liability for aiding or abetting fraud requires a showing that an underlying fraud existed, the

defendant had actual knowledge of the fraud, and the defendant substantially assisted the commission of the fraud. *In re Palm Beach*, 517 B.R. at 346 (citing *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co.*, 917 So. 2d 368, 372 (Fla. 5th DCA 2005)). "While the element of actual knowledge may be alleged generally, the plaintiff still must accompany that general allegation with allegations of specific facts that give rise to a strong inference of actual knowledge regarding the underlying fraud." *Todd Benjamin Int'l, Ltd. v. Grant Thornton Int'l, Ltd.*, No. 20-21808-Civ, 2023 WL 4457458, at *15 (S.D. Fla. July 11, 2023) (quoting *Lamm v. State St. Bank & Tr. Co.*, 889 F. Supp. 2d 1321, 1332 (S.D. Fla. 2012), *aff'd sub nom. Lamm v. State St. Bank & Tr.*, 749 F.3d 938 (11th Cir. 2014)). "Conclusory statements that a defendant 'actually knew' [are] insufficient to support an aiding and abetting claim where the facts in the complaint only suggest that the defendant 'should have known that something was amiss.'" *Id.* (quoting *Platinum Ests., Inc. v. TD Bank, N.A.*, No. 11–60670–CIV, 2012 WL 760791, at *3 (S.D. Fla. Mar. 8, 2012)).

"The essential elements of common-law fraud are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." *Med-Stop, Inc. v. Vandutch, Inc.*, No. 23-cv-21875, 2025 WL 26731, at *8 (S.D. Fla. Jan. 3, 2025) (quoting *Gandy v. Trans World Comput. Tech. Grp.*, 787 So. 2d 116, 118 (Fla. 2d DCA 2001)).

In Count III, Plaintiffs allege that the underlying fraud was committed by Farah and further allege:

13

> 39.     . . . McGahan, individually and as Chairman of Lottery.com, provided Farah with the Letter to induce the recipients of the Letter to provide funds as directed by Farah, which funds would eventually go directly or indirectly to Lottery.com or to pay expenses of Lottery.com. McGahan, individually and as Chairman of Lottery.com, aided and abetted this fraud because McGahan knew Farah needed the Letter to induce others to provide funds to be used by Lottery[.com], and the Letter was used to induce McTurk and the Plaintiff Entities to transfer funds as directed by Farah.
>
> 40.     McGahan and Lottery.com knew of the existence of the underlying fraud being committed by Farah.
>
> 41.     McGahan and Lottery.com gave substantial assistance or encouragement to advance the commission of the fraud by affirmatively assisting.
>
> 42.     The conduct of McGahan and Lottery.com was a substantial factor in causing harm to Plaintiffs.

Compl. ¶¶ 39–42.

These allegations are insufficient to allege the existence of an underlying fraud for the same reasons that Plaintiffs' fraudulent misrepresentation and negligent misrepresentation claims are deficient. Fraud is not simply a generic term for wrongdoing. Rather, it is a specific tort, the elements of which must be alleged with particularity under Rule 9(b). As discussed above, Plaintiffs' allegations regarding their alleged reliance on the Letter are insufficient as it is unclear which Plaintiff relied on the Letter and, if they did, what they did in reliance on the Letter. As such, Plaintiffs' allegations of fraud are insufficient to form the basis of Plaintiffs' claim for aiding or abetting fraud.

Therefore, Count III is due to be dismissed for failure to state a claim.

### D.  Count IV – Conspiracy

In Count IV, Plaintiffs allege a claim for conspiracy to commit fraud. The crux of the cause of action is that Defendants conspired with non-party Farah to defraud Plaintiffs. Thus,

common law fraud is the underlying tort. Because civil conspiracy alone is not an independent tort, Plaintiffs must properly allege the elements of civil conspiracy *and* the elements of common law fraud in order to state an actionable claim for civil conspiracy. *See In Re Palm Beach*, 517 B.R. at 343.

This Court has already determined that the Complaint fails to adequately allege the existence of an underlying fraud. Even if the Complaint sufficiently alleged an underlying fraud, the Complaint nevertheless fails to sufficiently plead a conspiracy consistent with the pleading standards of Rule 9(b).

Under Florida law, the elements of civil conspiracy are: (1) an agreement between two or more parties (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act to further the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *Gilead Scis., Inc. v. AJC Med. Grp., Inc.*, No. 20-24523-CIV, 2021 WL 8534243, at *14 (S.D. Fla. Nov. 29, 2021) (citing *Bond v. Koscot Interplanetary, Inc.*, 246 So. 2d 631, 635 (Fla. 4th DCA 1971); and *Cordell Consultant, Inc. Money Purchase Plan & Tr. v. Abbott*, 561 F. App'x 882, 886 (11th Cir. 2014)).

In the Complaint, Plaintiffs allege that non-party Farah "joined forces with Lottery.com and McGahan, who was the Chairman of Lottery.com, to issue a letter to obtain more funds from the Plaintiffs." Compl. ¶ 19. In Count IV, Plaintiffs further allege that:

45.   McGahan and Lottery.com engaged in an unlawful act by unlawful means, including by signing the Letter they knew and intended would be used to induce the recipients to transfer funds to Farah, who would then transfer money directly or indirectly to Lottery.com.

46.   McGahan and Lottery.com committed overt acts in pursuance of the conspiracy, including signing the Letter requested by Farah, intending it to be provided to individuals, such as McTurk, to induce them to transfer money as

15

directed by Farah. The Letter was provided to McTurk to induce the Plaintiffs to transfer money as directed by Farah which would directly or indirectly reach Lottery.com or pay Lottery.com's expenses directly.

Compl. ¶¶ 45–46.

Plaintiffs' allegation that non-party Farah "joined forces" with Defendants to commit a fraud is conclusory, vague, and fails to establish the first element of civil conspiracy. Further, the Complaint provides no other details about the alleged agreement. Plaintiffs' Complaint "is clearly missing the 'when' and 'where' requirements as to the creation of the conspiracy." *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064 (11th Cir. 2007) (affirming the dismissal of a conspiracy to commit fraud under Rule 9(b) because the claim only had conclusory allegations); *Banc of Am. Sec. LLC v. Stott*, 2005 WL 8156027, at *6 (S.D. Fla. Aug. 30, 2005) (dismissing conspiracy count where "[Plaintiff] fails to allege the existence of an agreement to engage in fraudulent activity or the date of execution of such agreement"). It is not up to the Court to guess that the alleged agreement to defraud Plaintiffs was made prior to the date the Letter was written. Instead, the burden is on Plaintiffs to specifically make this allegation, with the plausible "where" and "when" allegations required by Rule 9(b).

The conspiracy claim lacks the necessary details of the underlying fraud and of the essential elements of a conspiracy. Accordingly, Count IV is also due to be dismissed for failure to state a claim.

### E.  *Effect Of Dismissal Under Rule 12(b)(6)*

A dismissal under Federal Rule of Civil Procedure 12(b)(6) is typically "on the merits and with prejudice." *White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020). "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff,

who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc); *see also Anderson v. Ahluwalia*, 2022 WL 3156409, at *4 (11th Cir. Aug. 8, 2022) ("If the district court had properly dismissed all of Plaintiffs' Count I negligence claims for failure to state a claim, then, under our rule in *Daewoo*, it would not have been required to *sua sponte* give Plaintiffs a chance to amend before dismissing with prejudice.").

Here, Plaintiffs have *never* asked the Court for an opportunity to amend their Complaint, nor did Plaintiffs try to amend the Complaint in response to Defendants' Motion to Dismiss. *See generally* Docket; Response. *Cf. Pitts v. Grant*, 2022 WL 1117454, at *2 (11th Cir. Apr. 14, 2022) ("Under Federal Rule of Civil Procedure 15(a)(1)(B), [the plaintiff] had an unchecked opportunity to amend his complaint in response to the officials' motions. But he didn't take it . . . . [T]he district court [was not] required to propose the idea itself."). Thus, it is not clear that Plaintiffs want to try to amend the Complaint or believe that amendment would be anything other than futile.

Absent any indication that Plaintiffs seek leave to amend, the Complaint is dismissed with prejudice.

## IV.   CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss for Failure to State a Claim **[ECF No. 12]** is **GRANTED**. Plaintiffs' Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**. All pending deadlines and hearings are

**TERMINATED**, and any other pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of February, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Counsel of record